UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NICHOLAS L. WOODS** | **:** | **DOCKET NO. 2:22-cv-592** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **B. WILEY, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil complaint [doc. 2] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Nicholas L. Woods, who is proceeding *pro se* and *in forma pauperis* in this matter. The matter was originally filed in the United States District Court for the Eastern District of Arkansas, and subsequently transferred to this Court on March 1, 2022, as the events giving rise to the suit occurred while plaintiff was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO).

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED,** and the matter be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Woods brings the instant suit pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), alleging that on September 24, 2020, defendant Wiles, an officer at FCIO, made a false statement against him on an Incident Report. Doc. 2, p. 4. Further, he complains that defendants Deville and Warden Ma'at did not investigate the situation appropriately. *Id*. Woods seeks compensation for his mental anguish and emotional distress.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Woods has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

"*Bivens* was the product of an 'ancient regime' that freely implied rights of action." *Oliva v. Nivar,* 973 F.3d 438, 442 (5th Cir. 2020) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017)). "That regime ended long ago." *Id*. "Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, see *Bivens*, 403 U.S. at 389-90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, see *Davis v. Passman*, 99 S. Ct. 2264 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, see *Carlson v. Green*, 100 S. Ct. 1468 (1980)." *Id*. "Virtually everything else is a 'new context.'" *Id*. (citing *Ziglar*, 137 S. Ct. at 1865). "In the 40 years since *Carlson*, the Supreme Court has not approved of any other implied damages remedy under the Constitution." *Canada v. United States*, 950 F.3d 299, 306 (5th Cir. 2020).

Plaintiff contends that defendant Wiles made false statements against him on an Incident Report and defendants Deville and Ma'at failed to investigate the incident. These claims are not actionable under *Bivens* and should be dismissed as frivolous. *Gray v. Thompson*, NO. 3-01-CV-1190-M, 2002 U.S. Dist. LEXIS 8113 *7 (N.D. Tex. May 7, 2002) (*citing Schweiker v. Chilicky*, 108 S. Ct. 2460, 2471 (1988) (declining to extend *Bivens* to claim against federal employees for due process violations in terminating social security benefits).

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE